UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **SIGNET MARITIME CORPORATION** <br><br> **VERSUS** <br><br> **WEEKS MARINE, INC.** | CIVIL ACTION NO. 1:16-cv-00180-HSO-JCG <br><br> JUDGE HALIL S. OZERDEN <br><br> MAGISTRATE JUDGE JOHN C. GARGIULO |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

**NOW INTO COURT,** through undersigned counsel, comes Defendant Weeks Marine, Inc. ("Weeks Marine"), which answers Plaintiff Signet Maritime Corporation's ("Signet") Complaint for Damages, and avers as follows:

**FIRST DEFENSE**

Signet's Complaint for Damages fails to state a valid cause of action against Weeks Marine upon which relief can be granted.

**ANSWER**

**AND NOW**, Weeks Marine, denying all liability or fault, responds to the specific allegations in Signet's Complaint for Damages as follows:

1.

The allegations in Paragraph 1 of Signet's Complaint for Damages are admitted.

2.

The allegations in Paragraph 2 of Signet's Complaint for Damages are admitted.

3.

The allegations contained in Paragraph 3 of Signet's Complaint for Damages are legal conclusions for which no response is required. However, out of an abundance of caution, the allegations contained in Paragraph 3 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of Signet's Complaint for Damages are legal conclusions for which no response is required. However, out of an abundance of caution, the allegations contained in Paragraph 4 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

5.

The allegations in Paragraph 5 of Signet's Complaint for Damages are admitted.

6.

The allegations in the Paragraph 6 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations in the Paragraph 7 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

8.

The allegations in the Paragraph 8 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

9.

The allegations in the Paragraph 9 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

10.

The allegations in the Paragraph 10 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

11.

The allegations in the Paragraph 11 of Signet's Complaint for Damages are denied.

12.

The allegations in the Paragraph 12 of Signet's Complaint for Damages are denied.

13.

The allegations in the Paragraph 13 of Signet's Complaint for Damages are denied.

14.

The allegations in the Paragraph 14 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

15.

The allegations in the Paragraph 15 of Signet's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

16.

The allegations in the Paragraph 16 of Signet's Complaint for Damages are denied.

17.

The allegations in the Prayer for Relief of Signet's Complaint for Damages are denied.

## AFFIRMATIVE DEFENSES

Further answering, Weeks Marine specifically pleads the following affirmative defenses. To the extent that the following defenses appear contradictory or mutually exclusive, Weeks Marine pleads said defenses in the alternative.

### SECOND DEFENSE

Weeks Marine specifically denies that it, or anyone for whom it may be responsible, are guilty of any negligence, want of due care, or other legal fault.

### THIRD DEFENSE

Weeks Marine specifically denies that it is liable for any conduct of any nature whatsoever which would entitle Signet to any damages in any amount whatsoever or to any other relief sought against Weeks Marine.

### FOURTH DEFENSE

Weeks Marine avers that any damages sustained by Signet were caused by others over whom Weeks Marine is neither responsible nor liable.

### FIFTH DEFENSE

Weeks Marines avers that any damages sustained by Signet were unrelated to any alleged negligence, inattention to duty, negligent operation, breach of warranty both implied and expressed, breach of statutory duties, rules and regulations, or other violations of law or contract on the part of Weeks Marine.

### SIXTH DEFENSE

Signet has an obligation to mitigate its damages and has failed to do so.

## SEVENTH DEFENSE

In the event that it is discovered that Signet has received compensation and/or benefits from another source, Weeks Marine pleads setoff.

## EIGHTH DEFENSE

Signet's claims against Weeks Marine are barred to the extent that Weeks Marine complied with all applicable provisions of state and federal law.

## NINTH DEFENSE

Weeks Marine avers that Signet's claims as set forth in the instant matter are barred and/or reduced by the principles of impossibility of performance, waiver, estoppel, accord and satisfaction, laches, unclean hands, acquiescence, unjust enrichment, and/or other equitable doctrines.

## TENTH DEFENSE

Signet's claims are barred, in whole or in part, to the extent that such claims arose from acts or conditions which constituted appropriate actions under the circumstances, and that conformed to prevailing customs, standards, or practices at the relevant time.

## ELEVENTH DEFENSE

Signet is precluded or estopped from the requested relief due to its own actions and/or inactions.

## TWELFTH DEFENSE

Weeks Marine reserves all rights to plead additional affirmative defenses as this matter progresses.

**WHEREFORE**, Defendant Weeks Marine, Inc. prays:

    1.    That this Answer be deemed good and proper;

2. That after proper proceedings had, this Court dismiss the Plaintiff Signet Maritime Corporation's claims against Weeks Marine, Inc., at Signet Maritime Corporation's sole cost and expense;

3. Weeks Marine, Inc. prays for a trial by jury on all issues; and

4. For all other remedies provided by law or equity.

## **COUNTERCLAIM**

**AND NOW COMES** Counterclaim-Plaintiff Weeks Marine, Inc., who, without waiving any defenses above, brings the following counterclaim against Counterclaim-Defendant Signet Maritime Corporation:

I.

Made Counterclaim Plaintiff is Weeks Marine, Inc. ("Weeks Marine"), a New Jersey corporation with its principal place of business at 4 Commerce Drive, Cranford, New Jersey 07016.

II.

Made Counterclaim Defendant is Signet Maritime Corporation ("Signet"), a corporation duly organized under the laws of the State of Delaware and is authorized to conduct business in the State of Mississippi.

III.

The Court has jurisdiction over this counterclaim under 28 U.S.C. §§ 1332 and 1333.

IV.

Weeks Marine performed dredging work in Bayou Casotte in Pascagoula, Mississippi, between December 2015 and January 2016.

V.

As part of this dredging work, Weeks Marine placed buoys outside of the Bayou Casotte Channel, with each buoy being held in place by a 3,000 pound anchor.

VI.

On January 15, 2016, Weeks Marine personnel checked each buoy located outside of the Bayou Casotte Channel, and made the necessary replacements of lights and/or batteries on the buoys.

VII.

On January 15, 2016, each buoy placed by Weeks Marine was located in the same spot that it had originally been placed, and no buoys were missing.

VIII.

Similarly, on January 16, 2016, Weeks Marine personnel checked each buoy located outside of the Bayou Casotte Channel, and made the necessary replacements of lights and/or batteries on the buoys.

IX.

And again on January 16, 2016, each buoy placed by Weeks Marine was located in the same spot that it had originally been placed, and no buoys were missing.

X.

Based on information and belief, on or about January 16, 2016, the M/V SIGNET VICTORY, a vessel owned and operated by Signet, was sailing outside of the navigable channel of the Bayou Casotte Channel.

XI.

During these travels on or about January 16, 2016, the M/V SIGNET VICTORY failed to observe the properly lit buoy that Weeks Marine had placed outside of the Bayou Casotte Channel, and in so doing, came into contact with the stationary Weeks Marine buoy.

XII.

After coming into contact with the buoy, the M/V SIGNET VICTORY dragged the buoy for a number of feet.

XIII.

Thereafter, due to claimed loss of use, Signet submitted a Claim for Damage and Loss to Weeks Marine, for damages it allegedly sustained as a result of coming into contact with the buoy.

XIV.

Due to Signet's negligent operation of the M/V SIGNET VICTORY whereby it came into contact with the properly lit and stationary buoy, and its subsequent filing of the Claim for Damage and Loss, Weeks Marine was forced to engage in months of investigation for the claim, and ultimately determined that the incident resulted from no fault on the part of Weeks Marine.

XV.

Accordingly, Weeks Marine is entitled to reimbursement for its down time, costs, and expenses incurred due to Signet's negligent operation of the M/V SIGNET VICTORY, and the subsequent filing of the Claim for Damage and Loss.

XVI.

Weeks Marine prays for a jury trial on all claims.

**WHEREFORE**, based on the foregoing, Counterclaim-Plaintiff Weeks Marine, Inc. prays for a judgment finding Counterclaim-Defendant Signet Maritime Corporation liable for all down time, costs, and expenses incurred by Weeks Marine due to Signet Maritime Corporation's negligent operation of the M/V SIGNET VICTORY, and the subsequent filing of the Claim for Damage and Loss, and for any and all relief to which it is entitled under law and equity.

Dated: July 6, 2016                    Respectfully submitted,

                                                   *s/ S. Trent Favre*

                                                   S. TRENT FAVRE (MSB #99578)
                                                   Jones Walker LLP
                                                   P.O. Drawer 160
                                                   Gulfport, Mississippi  39502
                                                   Telephone:(228) 864-3094
                                                   Facsimile:  (228) 864-0516
                                                   tfavre@joneswalker.com

                                                   JEFFERSON R. TILLERY (*pro hac vice forthcoming*)
                                                   Jones Walker LLP
                                                   201 St. Charles Avenue, 47th Floor
                                                   New Orleans, Louisiana  70170-5100
                                                   Telephone: (504) 582-8616
                                                   Telecopier: (504) 589-8616
                                                   jtillery@joneswalker.com

                                                   JUSTIN J. MAROCCO (*pro hac vice forthcoming*)
                                                   Jones Walker LLP
                                                   8555 United Plaza Boulevard, 5th Floor
                                                   Baton Rouge, Louisiana 70809-7000
                                                   Telephone: (225) 248-2415
                                                   Telecopier: (225) 248-3115
                                                   jmarocco@joneswalker.com

                                                   ***Attorneys for Weeks Marine, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system this 6th day of July, 2016.

THIS the 6th day of July, 2016.

*s/ S. Trent Favre*
S. TRENT FAVRE
